1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA MITCHELL,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Commissioner of
Social Security, [1]

                              Defendant.

Case No. 3:13-cv-05663 KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

        Plaintiff has brought this matter for judicial review of defendant's denial of her

application for supplemental security income ("SSI") benefits.  Pursuant to 28 U.S.C. § 636(c),

Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have

this matter heard by the undersigned Magistrate Judge.  After reviewing the parties' briefs and

the remaining record, the Court hereby finds that, for the reasons set forth below, defendant's

decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

        On December 30, 2009, plaintiff filed an application for SSI benefits, alleging disability

as of May 8, 1997, due to depression, polysubstance abuse, degenerative disc disease, AC

impingement, carpel tunnel syndrome, and nerve damage in left elbow. See Administrative

Record ("AR") 33, 216-20, 283. Her claim was denied upon initial administrative review and on

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for
Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the
docket accordingly.**

ORDER - 1

reconsideration. See AR 126-29, 135-37. A hearing was held before an administrative law judge ("ALJ") on October 25, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 53-117.

On April 26, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 30-52. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 3, 2013, making the ALJ's decision defendant's final decision. See AR 1-7; see also 20 C.F.R. § 416.1481. On August 12, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #3. The administrative record was filed with the Court on November 25, 2013. See Dkt. #15, 16. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, or in the alternative, remanded for further proceedings, because the ALJ erred: (1) in determining plaintiff's severe impairments; (2) in evaluating the medical evidence in the record; (3) in assessing plaintiff's residual functional capacity; (4) in failing to consider additional evidence submitted to the Appeals Council. For the reasons set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision should be affirmed.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan,

ORDER - 2

1   772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will,

2   nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence

3   and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d

4   432, 433 (9th Cir. 1987)).

5       Substantial evidence is "such relevant evidence as a reasonable mind might accept as

6   adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation

7   omitted); <u>see</u> <u>also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

8   supported by inferences reasonably drawn from the record.").  "The substantial evidence test

9   requires that the reviewing court determine" whether the Commissioner's decision is "supported

10  by more than a scintilla of evidence, although less than a preponderance of the evidence is

11  required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

12  admits of more than one rational interpretation," the Commissioner's decision must be upheld.

13  <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

14  sufficient to support either outcome, we must affirm the decision actually made.") (quoting

15  <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

16  I.    <u>The ALJ's Step Two Determination</u>

17      Defendant employs a five-step "sequential evaluation process" to determine whether a

18  claimant is disabled. <u>See</u> 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
> substantial evidence, the courts are required to accept them.  It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
> not try the case de novo, neither may it abdicate its traditional function of review.  It must
> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
> rational.  If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

ORDER - 3

disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.  At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920.  An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1.  Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).  Plaintiff has the burden of proving that her "impairments or their symptoms affect her [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  The step two inquiry described above, however, is a de minimis screening device used to dispose of groundless claims. See Smolen, 80 F.3d at 1290.

Plaintiff argues the ALJ erred in failing to find plaintiff's degenerative disc disease of the cervical spine or anxiety disorder to be severe impairments.  Dkt. #18, p. 5-7.  Plaintiff bases this argument solely on medical evidence submitted to the Appeals Council.  Id.  However, the ALJ's findings were supported by substantial evidence, even considering the additional evidence submitted to the Appeals Council post hearing.

In regards to plaintiff's cervical spine degenerative disc disease, plaintiff points to medical records from Ryan J. Halpin, M.D. dated March 5, 2012 and a cervical spine MRI

ORDER - 4

1   performed on February 29, 2012.  Dkt. #18, p. 5-6.  After reviewing the MRI of plaintiff's

2   cervical spine, Dr. Halpin continued to recommend only physical therapy, which had already

3   been recommended based on plaintiff's complaints of low back pain.  AR 1492-95.  Further, Dr.

4   Halpin noted that he would continue to observe her neck condition and did "not feel there is any

5   need to rush in for any of her degerative changes seen in her cervical spine."  AR 1492.  Plaintiff

6   points to no other evidence demonstrating plaintiff's cervical spine impairment and this Court

7   was only able to find one subjective complaint of neck pain throughout the over 1200 pages of

8   medical records.  <u>See</u> AR 586.  Plaintiff failed to show that plaintiff's cervical spine degenerative

9   disk disease would cause any limitation in plaintiff's ability to perform basic work activities, let

10  alone limit her activity for twelve months.

11          Plaintiff also argues that anxiety disorder should have been found to be a severe

12  impairment based on an office visit with Kimberly Elliott, D.O. dated May 21, 2012.  Dkt #18, p.

13  6-7.   Plaintiff saw Dr. Elliott for a medication follow up visit and to discuss smoking cessation

14  treatment.  AR 1542-42.  Plaintiff reported that her anxiety increased when she cut back on her

15  cigarette use and plaintiff was noted to have a "[m]ildly anxious mood" upon examination.  AR

16  1541-43.  Dr. Elliott noted that she would put plaintiff on "medication for her mood" if her

17  anxiety continued.  AR 1543.  Once again, plaintiff points to no other evidence in the record to

18  support a finding that plaintiff's anxiety disorder would affect her ability to perform work

19  activities.  To the contrary, plaintiff actually made statements at the hearing and to her medical

20  providers indicating that her ability to work was not limited by her mental impairments.  See 93-

21  96, 101, 559.  Plaintiff failed to show that her anxiety disorder was severe.

22          Further, plaintiff failed to show that either of the alleged severe impairments would cause

23  any additional functional limitations not already found in the residual functional capacity.

ORDER - 5

Plaintiff has the burden of establishing the asserted error resulted in actual harm. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)). See Batson v. Commissioner of the Social Security Administration, 359 F.3d 1190, 1197 (9th Cir. 2004) (applying harmless error standard); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (holding ALJ committed harmless error). Plaintiff provided no evidence to show that there would be any change in the disability determination had these impairments been found severe. Thus, while the ALJ did not err in his step two determination, and even if he had, plaintiff failed to meet his burden in showing that such an error would be harmful.

II.     The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

ORDER - 6

1   stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences

2   "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may

3   draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881

4   F.2d 747, 755, (9th Cir. 1989).

5        The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

6   opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

7   1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can

8   only be rejected for specific and legitimate reasons that are supported by substantial evidence in

9   the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him

10  or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984)

11  (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative

12  evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981);

13  Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

14       In general, more weight is given to a treating physician's opinion than to the opinions of

15  those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need

16  not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

17  inadequately supported by clinical findings" or "by the record as a whole." Batson v.

18  Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v.

19  Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

20  2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a

21  nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may

22  constitute substantial evidence if "it is consistent with other independent evidence in the record."

23  Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

ORDER - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiff argues the ALJ erred in giving more weight to the opinions of nonexamining providers Robert Hoskins, M.D. and Jeffery Merrill, M.D., than to treating provider Jos Cove, M.D.. Dkt. #18, p. 8. Plaintiff fails to articulate why the opinion of Dr. Cove was entitled to greater weight, or why the ALJ's reasons to discredit the opinion were insufficient. Here, the ALJ gave specific and legitimate reasons supported by substantial evidence to properly discredit the opinion of Dr. Cove. See Lester v. Chater, 81 F.3d at 830.

Dr. Cove opined that plaintiff would be quite limited in her standing and walking and demonstrated a "significant disability." AR 43, 995. The ALJ discredited these opinions finding them to be based on claimant's subjective statements, and finding them inconsistent with Dr. Cove's objective testing and with the recommended conservative treatment. See AR 43. The ALJ provided numerous examples to support his statement that Dr. Cove's opinion was inconsistent and unsupported by the objective evidence. AR 43; Batson, 359 F.3d at 1195 (ALJ need not accept opinion of treating physician if it is inadequately supported by clinical findings). Further, a physician's opinion premised on a claimant's subjective complaints may be discounted where the record supports the ALJ in discounting the claimant's credibility. See Tonapetyan, 242 F.3d at 1149. Plaintiff raises no objection to the ALJ's credibility determination, thus the ALJ properly discredited the Dr. Cove's opinion as based on plaintiff's subjective complaints. Also, regarding Dr. Cove's assertion that plaintiff has a "significant disability," "the ultimate determination" as to whether a claimant is disabled is reserved to defendant, and thus "[a] statement by a medical source that [the claimant is] 'disabled' or 'unable to work' does not mean" that he or she will be found to be disabled. 20 C.F.R. § 416.912(b)(7), § 416.927(e)(1). The ALJ provided specific and legitimate reasons supported by substantial evidence to discredit the opinion of Dr. Cove.

ORDER - 8

Plaintiff also argues the ALJ erred in failing to address the opinions of Dr. Elliott and Dr. Halpin, which were submitted directly to the Appeals Council. Dkt. #18, p. 8-9. Because these opinions were not available to the ALJ at the time his decision was issued, it's unclear how plaintiff asserts it should have been included in the decision. Further, as discussed above, even considering this additional evidence, the ALJ's decision was supported by substantial evidence.

Plaintiff seems to be arguing for a more favorable interpretation of the record, however, it is not the job of the court to reweigh the evidence. If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan, supra, 169 F.3d at 599, 601). While plaintiff argues for a different interpretation of this evidence, the ALJ's interpretations is equally rational, thus must be upheld. See Id. The ALJ did not err in evaluating the medical evidence.

III.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Plaintiff argues the ALJ erred in his RFC finding based on his improper evaluation of the medical evidence. Dkt. #18, p. 9-10. As discussed above, the ALJ did not err in her evaluation of the medical evidence, including the additional evidence submitted to the Appeals Council. Therefore, the ALJ did not err in her RFC finding.

IV.     The ALJ's Failure to Consider Additional Evidence Submitted to the Appeals Council

The Court may review new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." Taylor v. Comm'r of SSA, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). Recently, the Ninth Circuit held that "when a claimant submits evidence for the first time to the Appeals

ORDER - 9

Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." Brewes v. Comm'r of SSA, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added); see also Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993) ("[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented *before the agency*") (emphasis added) (citing 42 U.S.C. § 405(g) (sentence six); Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991).

As previously discussed, this Court has considered the evidence from Dr. Elliott and Dr. Halpin and determined that the ALJ's determination is supported by substantial evidence. Accordingly, plaintiff has failed to show any reversible error in the ALJ's decision.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 5th day of June, 2014.


Karen L. Strombom
United States Magistrate Judge

ORDER - 10